UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY LEGGETT,<br><br>    Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>    Defendant | Case No.: 2:22-cv-01823-APG-NJK<br><br>**Order Granting in Part Defendant's Motion for Summary Judgment**<br><br>[ECF No. 16] |

Plaintiff Larry Leggett sues the United States Department of Veterans Affairs (VA) under the Federal Tort Claims Act (FTCA), alleging that on "February 27, 2008, the defendant committed gross negligence and breach of duty of care by performing a non-emergency invasive sinus lift with bone graft augmentation surgery on [Leggett] without inform[ed] consent." ECF No. 1 at 1-2.  Leggett alleges that post-procedure, he had "permanent right trigeminal nerve neuralgia with paralysis," resulting in prolonged sinus difficulties. *Id.* at 2.  He also alleges that the defendant negligently failed to timely diagnose and treat his sinus issues. *Id.*

The VA moves for summary judgment, arguing that although the FTCA has its own administrative procedure and statute of limitations with which Leggett complied, the VA's liability under the FTCA is determined by reference to substantive state law, including state statutes of repose.  The VA asserts that because Leggett was treated in 2008 at an Alabama VA dental clinic, his claim is barred by an Alabama statute of repose that bars medical malpractice claims after four years from the defendant's last act or omission.  Leggett raises a variety of arguments in response, including that there is a fraudulent concealment exception, Alabama has

a 20-year common law rule of repose, federal law preempts Alabama law, and Alabama law tolls the applicable period for the time that Leggett left the state.

I grant the VA's motion in part. Leggett's medical malpractice claim arising out of the February 2008 surgery is barred by Alabama's four-year statute of repose. However, the VA's motion did not address Leggett's allegation that VA medical providers negligently failed to diagnose his nerve damage. That claim therefore remains pending.

**I.  BACKGROUND**

On February 27, 2008, Leggett had "an upper right tooth extraction and sinus lift bone graft augmentation oral surgery" at a VA dental clinic in Alabama. ECF No. 16-1 at 2. As a result of the surgery, Leggett suffered nerve injuries resulting in, among other things, pain and numbness in his face. *Id.* at 2-3. Leggett contends that the dentists implanted an unregistered bone graft device into his gums, jawbone, and sinus with no signed informed consent to do so. ECF No. 16-2 at 2.

Leggett filed an administrative claim with the VA in March 2018, and an amendment in November 2021, asserting that he did not discover until March 2017 that the cause of his pain was nerve damage from the 2008 surgery. ECF Nos. 16-1 at 2; 16-2 at 2. The VA denied his claim in May 2022, asserting that its review concluded there was no negligence. ECF No. 16-3 at 2. The VA also contended that Leggett's claim was barred by Alabama's statute of repose for medical malpractice cases. *Id.* Leggett filed his complaint in this court less than six months later. ECF No. 1.

The VA does not dispute that Leggett timely filed his administrative claim and this lawsuit under the FTCA's provisions. ECF No. 16 at 5; *see* 28 U.S.C. § 2401(b) (providing that a claimant must present a tort claim against the United States to "the appropriate Federal agency"

within two years of the claim accruing and then file suit within six months of the agency's final decision). However, the VA argues that Leggett's claims are nevertheless barred by an Alabama statute of repose that the FTCA incorporates and that requires medical malpractice claims to be brought within four years of the last negligent act or omission.

**II. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

**A. Medical Negligence in 2008**

The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims. *See* 28 U.S.C. §§ 1346(b)(1), 2671-2680. As relevant here, the United States may be held liable in tort for its employees' actions or omissions "under circumstances where the United

3

States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* § 1346(b)(1); *see also id.* § 2674 (United States is liable "in the same manner and to the same extent as a private individual under like circumstances"). "The FTCA thus incorporates substantive state law as federal law to determine liability." *Bennett v. United States*, 44 F.4th 929, 933 (9th Cir. 2022).  However, the FTCA "establishes its own administrative claim procedure and statute of limitations provisions that apply uniformly in all states." *Id.*  While the FTCA's statute of limitations supersedes a state's statute of limitations, the FTCA "incorporates and applies state laws that serve as statutes of repose rather than overriding them." *Id.* at 931.

Here, Leggett's oral surgery took place in Alabama, so Alabama's statute of repose applies even though Leggett timely filed his administrative claim and lawsuit under the FTCA's provisions.  The Alabama Medical Liability Act contains a two-year statute of limitations and a four-year statute of repose for medical malpractice claims. *See* Ala. Code §§ 6-5-480; 6-5-482. Section 6-5-482 provides:

> (a) All actions against . . . dentists . . . for liability, error, mistake, or failure to cure, . . . must be commenced within two years next after the act, or omission, or failure giving rise to the claim, and not afterwards; provided, that if the cause of action is not discovered and could not reasonably have been discovered within such period, then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; *provided further, that in no event may the action be commenced more than four years after such act*; . . .
>
> (b) Subsection (a) of this section shall be subject to all existing provisions of law relating to the computation of statutory periods of limitation for the commencement of actions, namely, Sections . . . 6-2-3 [and] 6-2-10 . . .; *provided, that notwithstanding any provisions of such sections, no action shall be commenced more than four years after the act, omission, or failure complained of* . . . .

Leggett's medical malpractice claim based on alleged negligence during the 2008 surgery is barred by Alabama's four-year statute of repose because he did not bring suit until 2022. *See Bennett*, 44 F.4th at 931-32, 936 (holding a claim was barred under a state statute of repose even though the claim was timely under the FTCA's administrative procedure and statute of limitations).

Leggett argues his claim is not barred because there is a fraudulent concealment exception, Alabama law provides for tolling while he was outside the state, Alabama's 20-year common law rule of repose applies, and the FTCA preempts Alabama law. As explained below, none of these arguments has merit.

*1. Fraudulent Concealment*

Leggett contends that the statute of repose has a fraudulent concealment exception and that the VA dentists fraudulently concealed that they were implanting an unknown medical device in Leggett because there was no informed consent for that procedure. However, the plain language of the Alabama statute makes clear there is no fraudulent concealment exception to the statute of repose. Section 6-5-482(b) states that § 6-5-482(a) is subject to other "provisions of law relating to the computation of statutory periods of limitation for the commencement of actions," including § 6-2-3. Section 6-2-3 extends the limitation period for fraud claims by providing that a fraud claim does not accrue until the plaintiff discovers the fraud. This rule applies when the existence of a cause of action was fraudulently concealed. *DGB, LLC v. Hinds*, 55 So. 3d 218, 224 (Ala. 2010). But § 6-5-482(b) states that "notwithstanding any provisions of" § 6-2-3, "no action shall be commenced more than four years after the act, omission, or failure complained of." In other words, the statute of repose is not subject to a fraudulent concealment exception. *See McNamara v. Benchmark Ins. Co.*, 261 So. 3d 213, 219-20 (Ala. 2017) (refusing

to extend the statute of repose based on § 6-2-6 because "[t]hat section . . . is one of the provisions § 6-5-482(b) specifically incorporates, but subjects to the further proviso that 'no action shall be commenced more than four years after the act, omission, or failure complained of'"); *White v. United States*, No. 2:21-CV-667-RHA-CWB, 2022 WL 12139909, at *4 (M.D. Ala. Oct. 4, 2022), *report and recommendation adopted*, No. 2:21-CV-667-RAH, 2022 WL 12068279 (M.D. Ala. Oct. 20, 2022) (holding that § 6-5-482(a) barred an FTCA claim because "[u]nlike the general two-year statute of limitations for asserting medical malpractice claims, which can be tolled on various statutory grounds including mental defect, § 6-5-482(b)" cannot be tolled on those grounds).[1]

The Alabama Supreme Court has suggested that there may be circumstances where a medical malpractice claim could be asserted beyond the four-year statutory repose period where "the complained-of negligent acts . . . did not immediately cause an identifiable legal injury," such as where the medical provider failed to inform the patient of a tumor that had not yet caused blindness or placed a defective implant that had not yet caused bone degeneration. *Ex parte Hodge*, 153 So. 3d 734, 744-45 (Ala. 2014) (citing *Crosslin v. Health Care Auth. of City of Huntsville*, 5 So. 3d 1193 (Ala. 2008) and *Mobile Infirmary v. Delchamps*, 642 So. 2d 954 (Ala. 1994)). However, Leggett states in his declaration that he immediately experienced pain from his 2008 surgery. ECF No. 23 at 2 ("From February 27, 2008, to February 2017, I reported suffering pain in my right nostril" and other areas of his face). A doctor's note supports that Leggett complained of pain "[p]ost operatively" and that Leggett sought follow-up care in 2009. ECF No. 22 at 26. Leggett's claim that the dentists were negligent by placing an unapproved

---

[1] *Cf. Ex parte Liberty Nat. Life Ins. Co.*, 825 So. 2d 758, 765 (Ala. 2002) (stating that the only exception to the common law rule of repose is "a recognition of the existence of the claimant's right by the party defending against the claim").

6

medical device in his body and damaging his nerves is therefore barred by the statute of repose and the time for him to file suit was not tolled by fraudulent concealment. *See Hodge*, 153 So. 3d at 745 (holding that a medical malpractice claim based on a doctor leaving a clamp in the plaintiff's body was barred by the statute of repose because the plaintiff "suffered an actionable legal injury at the time of the surgery" when the doctor "left the hemostat clamp in her body, regardless of when or to what extent the complications from the negligent act would be discovered"). Because a private individual or entity in like circumstances would not be liable under Alabama law, the VA cannot be held liable under the FTCA.

### 2. *Being Absent from the State - Alabama Code § 6-2-10*

Leggett's argument that the four-year period was tolled under § 6-2-10 likewise fails because, like § 6-2-3, it is one of the provisions that § 6-5-482(b) specifically incorporates but subjects to the proviso that an action must be brought within four years. Additionally, § 6-2-10 does not apply in this case. That section provides:

> When any person is absent from the state during the period within which an action might have been commenced against him, the time of such absence must not be computed as a portion of the time necessary to create a bar under this chapter.

Leggett argues that because he left Alabama for many years after his surgery, the time he was absent from the state should be tolled. But the statute only tolls the time during which a potential defendant, not the plaintiff, is absent from the state.

### 3. *Alabama's Common Law Rule of Repose*

Leggett argues that the Alabama 20-year common law rule of repose applies so his claim is not barred. However, the Alabama Medical Liability Act "shall govern the parameters of discovery and all aspects of the action" in medical malpractice cases. Ala. Code § 6-5-551. The Alabama Supreme Court applied the four-year statute of repose in the Medical Liability Act, not

the 20-year common law rule, in a medical malpractice case. *See McNamara*, 261 So. 3d at 219-20.  Consequently, the common law rule does not apply in this case.

### 4. Preemption

Leggett contends that the FTCA preempts the Alabama statute, so applying the Alabama statute of repose would violate the Supremacy Clause.  However, the Ninth Circuit rejected a similar argument in *Bennett*, 44 F.4th at 938 (stating that "absent any similar provisions in the FTCA rewriting the rules applicable to statutes of repose, such statutes are incorporated, not preempted, as representing the substantive law of the place where the act or omission occurred").

Leggett's reliance on language in *United States v. Kubrick* that statutes of limitations are "statutes of repose," and thus the FTCA displaces both state law statutes of limitations and repose, is misplaced. 444 U.S. 111, 117 (1979).  *Kubrick* was referring to repose in the sense that statutes of limitations "protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise." *Id.* Moreover, the Supreme Court has clarified that statutes of limitations and statutes of repose are different and serve different purposes. *CTS Corp. v. Waldburger*, 573 U.S. 1, 7-10 (2014).  As the Supreme Court explained, a "statute of limitations creates a time limit for suing in a civil case, based on the date when the claim accrued," and may be subject to tolling. *Id.* (quotation omitted).  In contrast, a statute of repose "puts an outer limit on the right to bring a civil action" that is "measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant," and typically is not subject to tolling. *Id.*

/ / / /

/ / / /

8

     *5. Summary*

Although Leggett timely filed his medical malpractice claim under the FTCA's administrative procedure and statute of limitations, the claim is nevertheless barred by Alabama's four-year statute of repose. I therefore grant the VA's motion for summary judgment on Leggett's claim that the dentists committed medical malpractice during the February 2008 surgery.

    **B. Failure to Diagnose**

The VA's motion does not address Leggett's allegation in the complaint that VA doctors negligently failed to diagnose and treat his nerve damage after his surgery. Leggett states in a declaration in support of his opposition that he saw "numerous physicians at the VA" after his 2008 surgery who did not know he had a nerve injury despite him reporting his pain to them, until he was diagnosed in 2017. ECF No. 23 at 2. It is unclear from the record before me when Leggett last visited a VA doctor who failed to diagnose the nerve damage. Nor is it clear where any such doctors were located. Thus, it is not clear that the alleged negligent acts or omissions occurred in Alabama. Accordingly, the VA has failed to meet its initial burden on summary judgment to show that this aspect of Leggett's negligence claim is barred by the Alabama statute of repose.

**III. CONCLUSION**

I THEREFORE ORDER that defendant United States Department of Veterans Affairs' motion for summary judgment **(ECF No. 16) is GRANTED in part**. I grant summary judgment in the defendant's favor on plaintiff Larry Leggett's medical malpractice claim based on the February 2008 surgery itself. However, plaintiff Larry Leggett's medical malpractice claim

based on alleged failures to diagnose and treat his damaged nerves after the February 2008 surgery remains pending.

Per Magistrate Judge Koppe's order at ECF No. 20, a joint proposed discovery plan must be filed within 14 days of this order.

DATED this 1st day of March, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE