UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY LEGGETT, | Case No.: 2:22-cv-01823-APG-NJK |
| Plaintiff | **Order Granting Defendant's Motion for Summary Judgment** |
| v. | [ECF No. 31] |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | |
| Defendant | |

Plaintiff Larry Leggett sues the United States Department of Veterans Affairs (VA) under the Federal Tort Claims Act (FTCA) for failing to obtain informed consent for a facial surgery and for failing to subsequently diagnose his trigeminal nerve neuralgia. I previously granted summary judgment to the VA on Leggett's informed consent claim but declined to address the failure to diagnose because the VA had not met its initial burden. ECF No. 24 at 9-10. The VA now moves for summary judgment on the failure to diagnose claim, arguing that Leggett has not identified when or where the VA's providers failed to diagnose him, and that Leggett has not disclosed an expert to opine on the applicable standard of care. Leggett responds that a dentist's letter referenced in his complaint serves as his expert disclosure.

The parties are familiar with the facts, so I do not repeat them here except where necessary to resolve the motion. I grant the VA's motion because Leggett has not disclosed an expert to opine on the standard of care, breach, or causation.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims. *See* 28 U.S.C. §§ 1346(b)(1), 2671-2680. As relevant here, the United States may be held liable in tort for its employees' actions or omissions "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* § 1346(b)(1); *see also id.* § 2674 (United States is liable "in the same manner and to the same extent as a private individual under like circumstances").

The VA argues that Leggett has not disclosed an expert who will testify about the applicable standard of care, whether any provider breached the standard of care, or that a breach was the proximate cause of Leggett's injury. The VA also argues that Leggett has failed to identify which provider failed to diagnose him with trigeminal neuralgia and where that missed diagnosis occurred. Leggett responds that he disclosed Dr. Willeam Choby as an expert by

identifying Dr. Choby in his complaint and by providing a one-page letter from Dr. Choby to the VA. As for where the failure to diagnose took place and by whom, Leggett received treatment from VA medical providers in Alabama and Nevada prior to his eventual diagnosis for trigeminal neuralgia. Leggett is not clear on where the failure to diagnose occurred or which providers failed to diagnose him, arguing that he is suing the entire VA system, and the VA has his records in its possession.

To prevail on a claim for medical malpractice under Alabama law, Leggett must establish "(1) that the [VA] breached the standard of care and (2) that this breach proximately caused [Leggett's] injuries." *Golden v. Stein*, 670 So.2d 904, 906-07 (Ala. 1995) (quotation omitted). "To establish the standard, ordinarily, the plaintiff must offer expert medical testimony as to what is or what is not the proper practice, treatment, and procedure." *Peterson v. Triad of Ala., LLC*, 344 So.3d 340, 346 (Ala. 2021) (simplified). Alabama recognizes exceptions to this expert-medical-testimony rule where either (1) "want of skill or lack of care is so apparent as to be understood by a layman, and requires only common knowledge and experience to understand it" or (2) "a plaintiff relies on a recognized standard or authoritative medical text or treatise, or is himself or herself a qualified medical expert." *Id.* at 345 (simplified).

A similar standard applies under Nevada law. To prevail, Leggett must establish "(1) that the doctor's conduct departed from the accepted standard of medical care or practice; (2) that the doctor's conduct was both the actual and proximate cause of [Leggett's] injury; and (3) that [Leggett] suffered damages." *Prabhu v. Levine*, 930 P.2d 103, 107 (Nev. 1996). "As a general rule, a plaintiff must use expert testimony to establish medical malpractice." *Jain v. McFarland*, 851 P.2d 450, 456 (Nev. 1993); Nev. Rev. Stat. § 41A.100 (requiring expert medical testimony, material from recognized medical texts or treatises or the medical facility's regulations to impose

medical malpractice liability). Nevada's statute recognizes five obvious-case exceptions to the expert requirement including foreign substances left in the body after surgery, explosion or fire from a treating substance, unintended burns, injuries to body parts not involved in the treatment, or procedures done on the wrong patient or body part. Nev. Rev. Stat. §§ 41A.100(1)(a)-(e).

Dr. Choby's letter is insufficient to raise a genuine dispute of material fact under either Alabama or Nevada law. The letter is a short, two-paragraph statement that Dr. Choby reviewed "the material pertaining to Mr. Leggett" and concluded that Leggett's subsequent sinus difficulties "were a result of a breach in the professional standards of care" for the procedure he received. ECF No. 31-3 at 2. Dr. Choby further opined, "I also believe that there was a delay in the diagnosis that would be considered an abandonment." *Id.* Dr. Choby does not describe what materials he reviewed to reach his conclusions, what diagnosis was delayed, or what the relevant standard of care would be for diagnosing Leggett's sinus problems. *Id.* And Dr. Choby does not discuss what damages were proximately caused by the diagnostic delay. Even in the light most favorable to Leggett, Dr. Choby's letter does not present evidence from which a reasonable juror could find for Leggett on several elements of a medical malpractice claim. Leggett therefore has not provided medical expert testimony to support his claim.

Leggett's claim does not meet the Alabama or Nevada exceptions to the expert requirement. Failure to diagnose is not one of the exceptions recognized in Nevada Revised Statutes §§ 41A.100(1)(a)-(e). Diagnosing a neurological disorder such as trigeminal neuralgia based on Leggett's symptoms is beyond the knowledge of a lay juror. Even Leggett's providers disagree on what to call his condition. When Leggett was first diagnosed with trigeminal neuralgia, his provider referred him to a neurologist for further treatment. ECF No. 40-9 at 2. But the neurologist disagreed that trigeminal neuralgia was the correct diagnosis, telling Leggett

"[t]hey were wrong. You don't have trigeminal neuralgia." ECF No. 40-11 at 25-26. She clarified that Leggett "could call it that but you would have to specify that it is not idiopathic type or TR. . . . This was a surgery. . . . So you have a post-traumatic injury to your trigeminal branch." *Id.* at 31-32. Leggett must present expert testimony to explain to the lay jurors why not diagnosing him with trigeminal neuralgia fell below the standard of care, when such a failure occurred, and how that misdiagnosis injured him.

Leggett has not put forth expert testimony about the standard of care, breach of that standard, or proximate cause to any injuries. And his claim is not suitable for a lay jury to decide without the aid of expert testimony. Thus, I grant the VA's motion for summary judgment on this claim.

## II.  CONCLUSION

I THEREFORE ORDER that defendant United States Department of Veterans Affairs motion for summary judgment **(ECF No. 31) is GRANTED**.

I FURTHER ORDER the clerk of court to enter judgment in favor of the defendant and against plaintiff Larry Leggett, and to close this case.

DATED this 6th day of May, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

5