UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY LEGGETT, | Case No.: 2:22-cv-01823-APG-NJK |
| Plaintiff | **Order Denying Pending Motions** |
| v. | [ECF Nos. 46, 47, 48, 51, 55, 56, 57, 61] |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | |
| Defendant | |

I previously granted summary judgment in favor of the United States Department of Veterans Affairs (VA), and judgment was entered against plaintiff Larry Leggett. ECF Nos. 44, 45. Leggett subsequently filed a motion for reconsideration on his own behalf, despite the fact that he is represented by counsel. This district's Local Rule IA 11-6(a) provides that "a party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney." Thus, the VA moved to strike Leggett's motion as a rogue document. ECF No. 48. Leggett filed several additional motions in response to the VA's motion to strike. Rather than become engulfed in the procedural technicalities, and in the interest of judicial economy, I will temporarily overlook the fact that Leggett filed his motion for reconsideration pro se and address the motion on the merits.

Leggett's motion does not offer sufficient legal or factual reasons for me to change my mind. My original decision remains sound. I therefore deny Leggett's motion for reconsideration. I also deny the other motions as moot.

     I add the following to clear up any confusion Leggett may be laboring under. Leggett contends that his lawyers no longer represent him because judgment has been entered. ECF No. 51 at 2. That is not true, as counsel often represent parties on appeal and for post-judgment motions. Although Leggett's counsel did not respond to a few of his emails (*id.* at 15-19), that does not mean they no longer represent him. If Leggett no longer wishes to be represented in this case by his current counsel, he should direct them to file a motion to withdraw. If they refuse to withdraw, then Leggett can move to have them dismissed as his counsel, but Leggett must demonstrate the efforts he made to contact them about this request. As for now, however, Leggett remains represented by counsel and cannot file any papers on his own except a motion to have his counsel dismissed.

     I THEREFORE ORDER that Leggett's motion for reconsideration **(ECF No. 46) is denied**.

     I FURTHER ORDER that the other pending motions **(ECF Nos. 47, 48, 51, 55, 56, 57, 61 ) are denied as moot**. This case will remain closed.

     DATED this 18th day of November, 2025.

                                               ANDREW P. GORDON
                                               CHIEF UNITED STATES DISTRICT JUDGE